

FILED
OCT 29 2007
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

ENTERED
OCT 31 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PEOPLE'S CHOICE HOME LOAN, a Wyoming Corporation,<br>        Debtor(s). | Case No. 8:07-10765-RK<br><br>Chapter 11    ·01239<br><br>Adversary No. 8:07-~~02139~~-RK |
| PATRICK and DESIREE CABANA<br><br>        Plaintiffs,<br><br>vs.<br><br>MARTHA RODRIGUEZ, an individual;<br>EDWARD OK, an individual;<br>AW2REALTY, INC., a California corporation; PAUL MCGEE, an individual;<br>DEKO LTD., a California corporation;<br>Guillermina Contreras, an individual;<br>Yvette Rodriguez, an individual;<br>PEOPLE'S CHOICE HOME LOAN, INC., a Wyoming corporation, et al.<br><br>        Defendants. | MEMORANDUM DECISION RE:<br>PLAINTIFFS' MOTIONS FOR EQUITABLE REMAND, ABSENTION AND RELIEF FROM AUTOMATIC STAY<br><br>Date:    September 13, 2007<br>Time:    3:30 p.m.<br>Ctrm:    5D |

This bankruptcy case and the related adversary proceeding (Adv. No. 8:07-01239 RK) came on for hearing before the undersigned United States Bankruptcy Judge on August 29, 2007 on the motions of plaintiffs Patrick and Desiree Cabana for remand of

the adversary proceeding, which was a civil action removed by People's Choice Home Loan, Inc. (referred to herein as "defendant"), from state court, for abstention and for relief from the automatic stay. Wendy McGuire Coats, Esquire, of the law firm of Howrey LLC, appeared for plaintiffs. Dan E. Chambers, Esquire, and Roger F. Friedman, Esquire, of the law firm of Rutan & Tucker, LLP, appeared for defendant.

On March 20, 2007, defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. On June 18, 2007, defendant instituted this adversary proceeding by filing a notice of removal of civil action removing the pending state court action of *Patrick and Desiree Cabana v. Martha Rodriguez, et al.*, No. BC 351551 (Superior Court of California, County of Los Angeles). Defendant alleged that the state court action may be properly removed pursuant to 28 U.S.C. §§ 1441, 1446 and 1452(a) and that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and (e).

On May 24, 2007, plaintiffs filed their motion for relief from the automatic stay to allow the state court action to proceed pursuant to 11 U.S.C. § 362(d)(1). On July 17, 2007, plaintiffs filed their motion for remand of the state court civil action and for abstention pursuant to 11 U.S.C. §§ 1334(c)(1) and (2) and 1452(b). This court conducted hearings on these matters on June 19, 2007 and August 29, 2007. At the hearing on August 29, 2007, the court requested the parties to file supplemental briefing regarding the legislative history of 28 U.S.C. § 157(b)(2)(K), upon which defendant relies to assert that this case is a core proceeding. After the parties filed their supplemental briefing on September 5, 2007, the court took the motions under submission.

As a preliminary matter, the court recites the procedural history of this case before removal to this court. On April 28, 2006, plaintiffs filed their complaint in the Superior Court of California for the County of Los Angeles and asserted nine causes of action for fraud, cancellation of deeds based on fraud in factum and on invalid delivery, violations of California Civil Code, §§ 1695 and 2945 and California Business & Professions Code, § 17200, conversion, unjust enrichment and negligence. *See* Complaint, filed on April 28,

2

1  2006, Ex. 1 to Defendant's Notice of Removal of Civil Action under 28 U.S.C. § 1441,
2  1446, and 1452(a), filed on June 18, 2007. Plaintiffs' causes of action were based on
3  either California statutory or common law. *Ibid.* The defendants named in the complaint
4  included defendant People's Choice Home Loan, Inc., one of its employees, a loan
5  officer, a realty company, its principal, and one of its agents, and a real estate broker.
6  *Ibid.*

7  On March 14, 2007, plaintiffs filed a first amended complaint which replicated the
8  causes of action in the original complaint and made additional factual allegations against
9  defendant. *See* First Amended Complaint, filed on March 14, 2007, Ex. 8 to Defendant's
10 Notice of Removal of Civil Action under 28 U.S.C. § 1441, 1446, and 1452(a), filed on
11 June 18, 2007. As stated by defendant, plaintiffs' first amended complaint is the
12 operative pleading in the state court action, setting forth the claims and causes of action
13 being removed, and the gravamen of the first amended complaint is that "all the
14 defendants, including Removing Defendant, were participants in a scheme to defraud
15 Plaintiffs into transferring title of their house to a straw buyer, obtain a fraudulent grant
16 deed, fraudulent promissory notes, and fraudulent deeds of trust, and thereby steal
17 Plaintiffs' equity in their house." Defendant's Notice of Removal of Civil Action under 28
18 U.S.C. § 1441, 1446, and 1452(a), filed on June 18, 2007, at 2. As alleged in the first
19 amended complaint, plaintiffs were the longtime owners and residents of the subject real
20 property at 402 South Gardenglen, West Covina, California. First Amended Complaint at
21 1 and 3, ¶¶ 2, 14 and 15. On August 22, 2007, plaintiffs filed a proof of claim in the
22 amount of $1,000,000 and attached a copy of their first amended complaint as
23 documentation of their claim. *See* Proof of Claim, filed on August 22, 2007.

24 The record before the court indicates that before defendant removed the state
25 court proceedings to this court, the Superior Court had set a trial date of April 30, 2007
26 and that the plaintiffs and other parties had engaged in discovery and other pretrial
27 proceedings until April 2, 2007 when the Superior Court stayed the state court
28 proceedings in light of the filing of debtor's bankruptcy case. *See* Declaration of Wendy

3

McGuire Coats in Support of Creditors Patrick and Desiree Cabana's Motion to Lift the Automatic Stay and exhibits attached thereto, filed on May 24, 2007.

For the reasons discussed herein, the court partially grants plaintiffs' motions for remand, for abstention and for relief from stay on certain conditions.

The court first considers plaintiffs' motion for remand under 28 U.S.C. § 1452(b). As stated previously, defendant removed this case from state court to this court pursuant to 28 U.S.C. § 1452(a). 28 U.S.C. § 1452(b) provides in pertinent part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." "Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground." *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003), *citing*, 28 U.S.C. § 1452(b). As the court in *Enron Corp.* observed, "[C]ourts generally consider up to fourteen factors in deciding to remand a case to state court": (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re Enron Corp., supra*, 296 B.R. at 508-509 and n.2, *citing, In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987); *see also, Williams v. Shell Oil Co.*, 169 B.R. 684, 692-693 (S.D. Cal. 1994); *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 6 (E.D. Cal. 1988);

4

*compare, In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166-1167 (9th Cir. 1990) (similar factors to determine whether bankruptcy courts should exercise permissive abstention under 28 U.S.C. § 1334(c)(1)). This court agrees with these authorities in considering these factors in determining whether this case should be remanded to state court.

An analysis of these factors indicates to this court that the case should be remanded to state court. State law issues predominate in this case since plaintiffs' causes of action in the first amended complaint are based on state law. There is no basis for federal subject matter jurisdiction over these claims other than 28 U.S.C. § 1334. These claims as discussed herein are non-core. Plaintiffs have demanded a jury trial, which cannot be provided by this court with respect to their state law claims. Most of the parties are nondebtor parties, that is, plaintiffs and the other defendants. As discussed herein, it appears that it would be feasible to sever plaintiffs' state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to this bankruptcy court. Comity would indicate that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions. *See In re Enron Corp.*, supra, 296 B.R. at 508-509 and n.2.

One of the relevant factors in deciding whether this case should be remanded is whether this case is a core or non-core proceeding. Defendant argues that this case is a core proceeding while plaintiffs argue that it is non-core. In *Security Farms v. Intl. Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997), the Ninth Circuit discussed the distinction between core and non-core proceedings and stated that Congress enacted 28 U.S.C. § 157 to remedy the constitutional infirmities of bankruptcy court jurisdiction identified in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858 (1982). 124 F.3d at 1008. In discussing the Supreme Court's decision in *Marathon*, the Ninth Circuit observed that "the Supreme Court held that the Bankruptcy Act of 1978 impermissibly shifted essential attributes of judicial power from the Article III district court to its non-Article III adjunct, the bankruptcy court," and

"Congress responded by enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984, which provided district courts with original but not exclusive jurisdiction over all bankruptcy proceedings." *Security Farms v. Intl. Brotherhood of Teamsters, supra,* 124 F.3d at 1008.

As the Ninth Circuit observed, "[T]o insulate the 1984 Amendments from a constitutional assault like that in *Marathon*," Congress enacted 28 U.S.C. § 157, which "classifies matters either as 'core proceedings,' in which the bankruptcy court 'may enter appropriate orders and judgments,' or 'non-core proceedings,' which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Ibid*; *see also*, 28 U.S.C. § 157(b)(1) and (c). To address the constitutional problems identified in *Marathon*, Congress enacted 28 U.S.C. § 157(b)(2) to set forth a non-exclusive list of 15 matters which it designated as core proceedings. With respect to the distinction between core and non-core proceedings, the Ninth Circuit stated, "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Ibid*, *citing, In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986). In formulating this rule, the Ninth Circuit was concerned about constitutional problems under *Marathon* if state common law claims which could not be heard in federal court absent jurisdiction under 28 U.S.C. § 1334 were characterized as core proceedings. *In re Tucson Estates, Inc., supra,* 912 F.2d at 1168, *citing, In re Castlerock Properties, supra,* 781 F.2d at 161-162. The Ninth Circuit further cautioned that "a court should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems. The apparent broad reading that could be given to § 157(b)(2) [defining core proceedings] should be tempered by the *Marathon* decision." *Ibid.*

Defendant contends that this case is a core proceeding under 28 U.S.C. § 157(b)(2)(K) as a matter to determine the "validity, extent, or priority of liens." Plaintiffs argue that this case is non-core because it does not involve a determination of the validity, extent or priority of a lien in property of the bankruptcy estate and cites to

numerous cases which limit the applicability of § 157(b)(2)(K) to liens against property of the estate. As plaintiffs discussed in their reply briefing, the case law relating to the issue of property to which "determinations of validity, extent, or priority of liens" under 11 U.S.C. § 157(b)(2)(K) address whether jurisdiction exists with liens against property of the bankruptcy estate or against property of the debtor. See Supplemental Briefing Regarding Applicability of 28 U.S.C. § 157(b)(2)(K) in Support of Patrick & Desiree Cabanas' Motion for Remand and Motion to Lift Automatic Stay, filed on Sept. 5, 2007, at 2-7, citing inter alia, In re Pickett, 362 B.R. 794, 796-798 (Bankr. S.D. Tex. 2007) (discussing split of authority). The stricter line of cases holds that for purposes of 28 U.S.C. § 157(b)(2)(K) the lien only relates to the property of the bankruptcy estate, see, e.g., In re Jeter, 48 B.R. 404, 406 n.1 (Bankr. N.D. Tex. 1985), while the more lenient line of cases permits that the lien may relate either to the property of the bankruptcy estate or the property of the debtor, see, e.g., In re Toledo, 170 F.3d 1340, 1347 (11th Cir. 1999).

      Defendant argues that under the plain language of 28 U.S.C. § 157(b)(2)(K) that "determinations of the validity, extent, or priority of liens" could also relate to liens on property of non-debtor parties if the estate is the holder of the lien. There does not appear to be contextual support for this proposition within the Bankruptcy Code, 11 U.S.C., for defendant's position because the validity, extent or priority of liens are generally determined in the context of secured claims of creditors based on liens against property of the bankruptcy estate or the debtor. See, e.g., 11 U.S.C. §§ 506, 544-552, 724 and 1111. Moreover, defendant's position does not appear to be supported in the case law. See Supplemental Briefing Regarding Applicability of 28 U.S.C. § 157(b)(2)(K) in Support of Patrick & Desiree Cabanas' Motion for Remand and Motion to Lift Automatic Stay, filed on Sept. 5, 2007, at 2-7, citing inter alia, In re Pickett, 362 B.R. 794, 796-798 (Bankr. S.D. Tex. 2007), In re Jeter, supra, and In re Toledo, supra, 170 F.3d at 1347-1348 (see cases cited therein); see also, King, Collier on Bankruptcy, ¶3.02[3][d] at 3-43 – 3-44 and n. 46 (15th ed. rev. 2007). As a matter of substance, plaintiffs are seeking to invalidate defendant's lien in the subject real property as a remedy for their

alleged fraud claims against defendant rather than challenging the procedural regularity of a lien, which is the general thrust of proceedings to determine the validity, extent or priority of a lien.

Defendant relies upon the case of *In re Brewery Limited Partnership*, 113 B.R. 992 (Bankr. D. Minn. 1990) to support its position. The court has considered the *Brewery* opinion, and while the opinion appears to support defendant's position, the court concludes that the opinion is not particularly helpful or persuasive in supporting defendant's position in this case. The court in *Brewery* held that it had jurisdiction under 28 U.S.C. § 157(b)(2)(K) to determine the validity, extent or priority of a lien interest held by the debtor in property of a non-debtor party, but the opinion does not contain much analysis and discussion of the issue of whether the proceedings should be considered core versus non-core. 113 B.R. at 1003. More importantly, the situation in *Brewery* is distinguishable from this case because that case involved an adversary proceeding filed by the bankruptcy trustee in the debtor's bankruptcy case and not as here, a removed state court proceeding involving state law causes of action. 113 B.R. at 994-997, 1003-1004. This court heeds the admonitions of the Ninth Circuit in *Tucson Estates* and *Castlerock Properties* that a bankruptcy court "should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems." *In re Tucson Estates, Inc.*, supra, 912 F.2d at 1168, citing, *In re Castlerock Properties*, supra, 781 F.2d at 161-162. The removed state court action is non-core under the definitions of core and non-core proceedings set forth by the Ninth Circuit in *Security Farms* because plaintiffs' causes of action against defendant are based on California common and statutory law and are not dependent on the bankruptcy laws, and such claims could proceed in another court, i.e., the state trial court, the Superior Court of California. *Security Farms v. Intl. Brotherhood of Teamsters*, supra, 124 F.3d at 1008.

Plaintiffs' filing of a proof of claim in the debtor's bankruptcy case does not turn the removed state law action into a core proceeding. See *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349-350, 352-353 and n. 5 (9th Cir. 1996); *see also, In re Castlerock*

8

1 *Properties, supra,* 781 F.2d at 162-163 (creditor's filing of proof of claim as a defensive
2 maneuver may not be consent to bankruptcy court jurisdiction). While an objection to the
3 claim of plaintiffs may be a core proceeding, the separate state court action is not the
4 same matter and is otherwise non-core. *In re Conejo Enterprises, Inc., supra* at 349-350
5 ("the filing of a claim does not consolidate it with the pending state law case . . . even
6 though they are based on the same transaction" and "[b]oth continue to exist, and must
7 be considered, separately."). Thus, based on *Conejo Enterprises,* the court disagrees
8 with defendant's assertion that plaintiffs' filing of a proof of claim in the bankruptcy case
9 will render the removed state court action subject to the court's core subject matter
10 jurisdiction. See People's Choice Home Loan, Inc.'s Opposition to Motion for Remand of
11 Civil Action and for Abstention; Memorandum of Points and Authorities, filed on August
12 15, 2007 at 12.

13 Defendant argues that plaintiffs' reliance on *In re Enron Corp., supra,* for remand
14 is misplaced because that case involved lawsuits brought by banks against non-debtor
15 parties and the debtor and its affiliated entities were not parties to the actions and
16 because this case involves property of the bankruptcy estate. See People's Choice
17 Home Loan, Inc.'s Supplemental Opposition to (1) Motion for Remand of Civil Action and
18 for Abstention, and (2) Motion for Relief from Automatic Stay, filed on September 5, 2007,
19 at 5. The Ninth Circuit's discussion of abstention in *Tucson Estates* would suggest that
20 the *Enron* factors are applicable to state court litigation which concern property of the
21 bankruptcy and that a dispute concerning estate property is not determinative *per se* of
22 the issue of whether a proceeding is core or non-core. *In re Tucson Estates, Inc., supra,*
23 912 F.2d at 1168-1169. Thus, the court disagrees with defendant's assertion that *Enron*
24 is inapposite.

25 Defendant opposes remand on grounds that plaintiffs are not entitled to a jury trial,
26 contending that their claims are equitable in nature. See People's Choice Home Loan,
27 Inc.'s Supplemental Opposition to (1) Motion for Remand of Civil Action and for
28 Abstention, and (2) Motion for Relief from Automatic Stay, filed on September 5, 2007, at

6-9. Plaintiffs' primary claims are for damages for fraud, and plaintiffs are entitled to a jury trial for such claims which are actions triable by jury at common law. CA. Const., Art. I, § 16; Cal. Civ. Proc. Code, § 592; *Fireman's Fund Ins. Cos. v. Younesi,* 48 Cal.App.4th 451, 4571, 55 Cal.Rptr.2d 671 (1996), *cited in,* 7 Witkin, California Procedure, § 94 at 113-114 and Supp. at 31-32 (4th ed. 1997 and 2007 Supp.); *see also,* U.S. Const., Art. VII; Fed. R. Civ. P. 38. To the extent that the action is of hybrid character raising both legal and equitable issues, under California law, a party is entitled to a jury trial of the severable legal issues. 7 Witkin, California Procedure, § 94 at 115 (4th ed. 1997 and 2007 Supp.). Accordingly, the court concludes that plaintiffs are entitled to a jury trial on some of their claims, and this is a factor supporting equitable remand.

With respect to subject matter jurisdiction over the removed state court action, the court concludes that it has "related to" jurisdiction, but not "arising under" or "arising in" jurisdiction under 28 U.S.C. §§ 1334(a) and (b) and 157(a). Under so-called "case under Title 11" jurisdiction of 28 U.S.C. § 1334(a), federal district courts have original and exclusive jurisdiction of all cases under Title 11, United States Code. 28 U.S.C. § 1334(a). Federal district courts also have original, but not exclusive, jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). Federal district courts also have exclusive jurisdiction of all property of the debtor and of the estate. 28 U.S.C. § 1334(e). Federal district courts are authorized to refer these cases and civil proceedings to the bankruptcy judges for their districts, which referral has been made in this district. 28 U.S.C. § 157.

A "case under Title 11" is understood to be "the bankruptcy case itself . . . the case upon which all of the proceedings which follow the filing of a petition are predicated." *Wayne Film Systems Corp. v. Film Recovery Systems Corp.,* 64 B.R. 45, 49 (N.D. Ill. 1986), *quoted in,* March, Ahart & Tchaikovsky, CAL. PRAC. GUIDE: BANKRUPTCY, ¶ 1:81 (The Rutter Group 2007). The removed state court action is not the bankruptcy case under Title 11, so the "case under Title 11" jurisdiction of 28 U.S.C. § 1334(a) is inapplicable.

10

A civil proceeding that "arises under Title 11" involves rights created by the Bankruptcy Code, 11 U.S.C., including core proceedings under 11 U.S.C. § 157(b)(2), and a civil proceeding that "arises in Title 11" involve proceedings that arise only in bankruptcy cases, but which are not based on a right expressly created by the Bankruptcy Code. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995); 28 U.S.C. § 1334(b); March, Ahart & Tchaikovsky, CAL. PRAC. GUIDE: BANKRUPTCY, ¶¶ 1:95-1:106 (The Rutter Group 2007). As discussed herein, the state law causes of action are non core or are not other proceedings which are based on rights created by the Bankruptcy Code or which arise only in bankruptcy cases and are not based on any express rights created by the Code; they are claims founded on state common and statutory law, and so jurisdiction for civil proceedings "arising under" or "arising in" Title 11 under 28 U.S.C. § 1334(b) is not applicable.

Civil proceedings that do not "arise under" or "arise in" a bankruptcy case are still subject to bankruptcy court jurisdiction if they are "otherwise related to" a bankruptcy case. 28 U.S.C. §§ 1334(b) and 157; March, Ahart & Tchaikovsky, CAL. PRAC. GUIDE: BANKRUPTCY, ¶¶ 1:107-1:113 (The Rutter Group 2007). "Otherwise related to" proceedings involve rights outside of bankruptcy and are considered non-core, and the state law causes of action fall into this category because they are created by state statutory and common law. Thus, the court concludes that it has jurisdiction over the removed state law causes of action under "related to" jurisdiction of 28 U.S.C. § 1334(b).

Plaintiffs contend that the court should abstain either because abstention is mandatory under 11 U.S.C. § 1334(c)(2) or discretionary abstention should be exercised under 11 U.S.C. § 1334(c)(1). Because this case has been removed to this court from state court, there is no parallel state court proceeding for the court to abstain in favor of, and, technically speaking, the motion for abstention is not appropriate and is thus denied. *Security Farms v. Intl. Brotherhood of Teamsters, supra*, 124 F.3d at 1009-1010 and n.10. However, once the case is remanded to state court, there would be a state court case to which the court could abstain, and in deciding that the case should be remanded,

11

1. the court could abstain from hearing the case. See, In re Bowen Corp., 150 B.R. 777
2. (Bankr. D. Idaho 1993); see also, In re Tucson Estates, Inc., supra. In deciding to
3. exercise permissive abstention under 28 U.S.C. § 1334(c)(1), the court follows the twelve
4. factors set forth by the Ninth Circuit in Tucson Estates, which are: "(1) the effect or lack
5. thereof on the efficient administration of the estate if a Court recommends abstention, (2)
6. the extent to which state law issues predominate over bankruptcy issues, (3) the
7. difficulty or unsettled nature of applicable law, (4) the presence of related proceeding
8. commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if
9. any, other than 28 U.S.C § 1334, (6) the degree of relatedness or remoteness of
10. proceeding to the main bankruptcy case, (7) the substance rather than the form of an
11. asserted core proceeding, (8) the feasibility of severing state law claims from core
12. bankruptcy matters to allow judgments to be entered in state court with enforcement left
13. to the bankruptcy court, (9) the burden on [the bankruptcy court's] docket, (10) the
14. likelihood that the commencement of the proceeding in bankruptcy court involves forum
15. shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the
16. presence in the proceeding of nondebtor parties." In re Tucson Estates, Inc., supra, 912
17. F.2d at 1167.

An analysis of these factors indicates that this court should exercise permissive abstention after equitable remand (these factors are similar to the equitable remand factors of Enron Corp.). State law issues predominate in this case since plaintiffs' causes of action in the complaint are based on state law. There is no basis for federal subject matter jurisdiction over these claims other than 28 U.S.C. § 1334. These claims as discussed herein are non-core. Plaintiffs have demanded a jury trial, which cannot be provided by this court with respect to their state law claims. Most of the parties are nondebtor parties, that is, plaintiffs and the other defendants. As discussed herein, it appears that it would be feasible to sever plaintiffs' state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to this bankruptcy court. Comity would indicate that California courts should have the right to

adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.

While the court concludes that the removed state court action should be remanded to the Superior Court, plaintiff's proof of claim filed in the bankruptcy case is a separate matter. *In re Conejo Enterprises, Inc., supra,* 96 F.3d 349-350, 352-353 and n. 5. Because the allowance and disallowance of claims against the bankruptcy estate is a core proceeding, the court has jurisdiction over the claim under 28 U.S.C. § 157(b)(2). *Ibid.* The court's ruling to remand the state court causes of action does not extend to the matter of plaintiffs' proof of claim filed in the bankruptcy case.

Plaintiffs apparently seek relief from the automatic stay to proceed with their non-bankruptcy action in state court. If the case is remanded to state court, it would still be subject to the automatic stay in bankruptcy from the underlying bankruptcy case under 11 U.S.C. § 362(a) and defendant's lien interest in the subject real property is property of the bankruptcy estate under 11 U.S.C. § 541, which is not disputed. The grounds asserted in plaintiffs' stay relief motion are that the matter can be tried more expeditiously in the non-bankruptcy forum and that the claim is insured. Plaintiffs contend that the case can be more expeditiously tried in state court because the case was in the advanced stages of discovery and the matter involves non-debtor parties who are not subject to suit in the bankruptcy court and a single trial in state court would be the most efficient use of judicial resources.

Litigation in a non-bankruptcy forum may constitute cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1). *See In re Tucson Estates, Inc., supra,* 912 F.2d at 1169; *In re Castlerock Properties, supra,* 781 F.2d at 163; *In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004); *see also, In re A Partners, LLC,* 344 B.R. 144, 127 (Bankr. E.D. Cal. 2006). The parties dispute the applicable standard for considering stay relief motions based on non-bankruptcy litigation. Plaintiffs urge the court to follow the twelve-factor test in *Plumberex* while defendant urges the court to follow the five-factor test in *A Partners*. The court concludes

13

that it should look to the factors for abstention and stay relief for pending non-bankruptcy court litigation enunciated in *Tucson Estates*. 912 F.2d at 1167-1170; *see also, In re Plumberex Specialty Products, Inc., supra*, 311 B.R. at 558-559 and n.13. As discussed herein, the court concludes that relief from stay is appropriate here for the same factors that permissive abstention is appropriate after equitable remand.

However, relief from the automatic stay on this ground is generally limited to permitting a pending proceeding to proceed to judgment, but not extending to collection or enforcement of the judgment, which remains subject to the stay. See March, Ahart & Tchaikovsky, CAL. PRAC. GUIDE: BANKRUPTCY, ¶ 8:1146 (The Rutter Group 2007); *see also, In re Tucson Estates, Inc., supra*, 912 F.2d at 1168-1170 (execution of judgment is distinct from allowing entry of judgment for stay relief purposes). The rationale for limiting relief from stay is that otherwise, a creditor might obtain the equivalent of a preference. *Ibid., citing, In re Neal*, 176 B.R. 30, 34 (Bankr. D. Idaho 1994); *Matter of Rabin*, 53 B.R. 529, 531 (Bankr. D. N.J. 1985); *In re Humphreys Pest Control Co., Inc.*, 35 B.R. 712, 714 (Bankr. E.D. Pa. 1984); *see also, In re Tucson Estates, Inc., supra*, 912 F.2d at 1168-1170. This rule makes sense from a bankruptcy policy perspective because plaintiffs' claim against the debtor was unliquidated and disputed at the time of the filing of the bankruptcy petition. Plaintiffs did not have a perfected secured claim against debtor as of the petition date, nor did they have a priority unsecured claim. Assuming *arguendo* that plaintiffs prevail on their claims in state court, they will seek to enforce the judgment by invalidating the debtor's title to property of the bankruptcy estate, debtor's lien interest in the subject real property, and this might in effect grant plaintiffs a preference in derogation of the priority scheme of distribution in bankruptcy because the invalidation of the lien would result in a distribution of property of the estate, the value of the lien interest, to plaintiffs in priority to other unsecured creditors in this bankruptcy case.

Based on the foregoing, the court orders: (1) that plaintiffs' motion to remand their causes of action in the removed proceedings to the Superior Court of California for the

County of Los Angeles and for relief from the automatic stay be granted, (2) that relief from stay be granted only to the extent that the Superior Court may render a judgment in plaintiffs' causes of action in the removed proceedings now to be remanded to that court, and (3) that relief from stay not be granted to allow the Superior Court to enforce any judgment against property of the bankruptcy estate, including defendant's lien interest against the subject real property. While plaintiffs' causes of action in the removed action are remanded to the Superior Court, this court has subject matter jurisdiction over defendant's lien interest in the subject real property, which is property of the bankruptcy estate under 11 U.S.C. § 541, to determine whether any judgment of the Superior Court may be enforced against the lien interest as a claim against property of the estate. 28 U.S.C. §§ 1334(d) and 157 (bankruptcy court has jurisdiction over all property of bankruptcy estate, wherever located); *see also*, *In re Tucson Estates, Inc.*, *supra*, 912 F.2d at 1167-1170 (discussing appropriateness of abstention in cases concerning property of bankruptcy estate and of stay relief regarding entry versus execution of judgment concerning estate property).

As discussed herein, the matter of plaintiffs' proof of claim filed in the bankruptcy case is not remanded as it is a separate matter and is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b)(2)(B) and 1334(b). The proof of claim is not yet a contested matter in the bankruptcy case as no objection has been filed to the claim, but presumably, since plaintiffs only recently filed their proof of claim in August 2007 and defendant has opposed plaintiffs' causes of action in the state court litigation, the claim is contested in fact, if not yet formally in this court. It thus appears that the issues relating to the contested claim could be litigated either in the state court upon remand of the state law causes of action, or on an objection to claim in this court, or both. The parties could agree to be bound by litigation in one forum to minimize litigation expenses, or they could choose to litigate in both forums. Nevertheless, the court concludes that it is appropriate to remand the state law causes of action to state court under 28 U.S.C. § 1452(b) and grant limited relief from stay under 11 U.S.C. § 362(d)(1)

primarily because non-debtor parties are involved over which this court has no jurisdiction, the causes of action to be litigated are predominately state law claims and are non-core matters, and plaintiffs have a right to jury trial on their state law claims. *In re Tucson Estates, Inc., supra*, 912 F.2d at 1167-1170.

Plaintiffs are directed to submit a proposed order consistent with this memorandum decision.

IT IS SO ORDERED.

Dated: **OCT 29 2007**

ROBERT N. KWAN
UNITED STATES BANKRUPTCY JUDGE

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re PEOPLE'S CHOICE HOME LOAN | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 8:07-10765-RK |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:

   MEMORANDUM DECISION RE: PLAINTIFFS' MOTIONS FOR EQUITABLE REMAND, ABSENTION AND RELIEF FROM AUTOMATIC STAY

   was entered on *(specify date)*: **OCT 3 1 2007**

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*: **OCT 3 1 2007**

Dated: **OCT 3 1 2007**

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
Deputy Clerk

PEOPLE'S CHOICE HOME LOAN
PATRICK & DESIREE CABANA vs.
MARTHA RODRIGUEZ et al

Case No. 8:07-10765-RK
Adversary No. 8:07-02139-RK

**Plaintiff's Attorney**
Elizabeth Weaver
Howrey LLP
550 S Hope St  Ste 1100
Los Angeles CA 90071

**Defendant's (Martha Rodriguez, Deko Ltd, Edward Ok) Attorney**
Robert E. Tokar
Craton & Switzer LLP
100 Oceangate  Ste 1200
Long Beach CA  90803

**Defendant's (People's Choice) Attorney**
Jeffrey Dulberg/ Rudy Freeman
Pachulski Stang Ziehl & Jones
10100 Santa Monica Blvd  11th Fl
Los Angeles CA  90067

**Defendant's (People's Choice) Attorney**
Dan Chambers
Rutan & Tucker
611 Anton Blvd  14th Fl
Costa Mesa CA  92626

**Defendant's (Paul McGee & AW2 Realty) Attorney**
Levi Ruben Uku
3540 Wilshire Blvd  Ste 626
Los Angeles CA  90010

**Attorneys for Committee of Unsecured Creditors**
Rolf S. Woolner
Winston & Strawn LLP
333 S Grand Ave  38th Fl
Los Angeles CA  90071

**Defendant**
Edward Seung Ok
3281 Bounty Circle
Huntington Beach CA  92649

**Defendant**
Martha Amaya Rodriguez
Inmate #32493-112
Metropolitan Detention Center
PO Box 1500
Los Angeles CA  90053

**U.S. Trustee**
United States Trustee (SA)
411 W Fourth St  Ste 9041
Santa Ana CA  92701-4593